UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAY G. MILES, | No. C11-415-RAJ |
| Plaintiff, | |
| v. | ORDER REMANDING CASE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the court on Plaintiff's objections (Dkt. # 23) to the Report and Recommendation ("R&R", Dkt. # 23) of the Honorable James P. Donohue, United States Magistrate Judge. The court has reviewed the R&R, Plaintiff's objection, the Commissioner's response, and the administrative record.

No one has objected to the central conclusion of the R&R, which is that a remand to the Commissioner is necessary because the ALJ erred in evaluating Plaintiff's mental impairments. The R&R recommends that the ALJ "revisit the entire disability analysis on remand." R&R at 21.

Plaintiff objects solely to the portion of the R&R concluding that the ALJ did not err in evaluating Plaintiff's credibility. Plaintiff contends that the record does not support that

ORDER REMANDING CASE
PAGE - 1

conclusion, and also that the R&R's credibility conclusions are dicta that will not bind any party on remand.

The court cannot determine whether Judge Donohue intended to recommend that the court reach a binding holding as to Plaintiff's credibility. Judge Donohue devoted a substantial portion of the R&R to that issue, ultimately concluding that the ALJ did not err in making an adverse credibility finding. R&R at 6-11. For at least two reasons, it seems unlikely that he intended to prevent any party from revisiting credibility determinations on remand. This is in part because the R&R directs the ALJ to "revisit the entire disability analysis on remand," an analysis that incorporates any findings as to the credibility of witnesses. Second, in revisiting Plaintiff's mental health condition, the ALJ may need to evaluate the credibility of either new testimony or prior testimony that was not germane to the ALJ's previous decision. There is no reason to limit any adjudication of the credibility of that testimony.

The court adopts the R&R to the extent that it recommends a remand to the ALJ "to revisit the entire disability analysis . . . ." The court declines to adopt the portion of the R&R discussing the ALJ's credibility finding, as it is not essential to the judgment the court reaches today. *See Best Life Assur. Co. v. Comm'r of Internal Revenue*, 281 F.3d 828, 833-34 (9th Cir. 2002) (distinguishing between dictum and an alternate holding). In making this ruling, the court suggests no opinion on the validity of either the ALJ's credibility determination or Judge Donohue's evaluation of that determination.

The court orders as follows:

(1) The court adopts the R&R as stated above.

(2) The court REVERSES the final decision of the Commissioner in this case and directs the clerk to REMAND it to the Social Security Administration for further proceedings consistent with this order.

(3) The court directs the clerk to enter judgment for Plaintiff.

(4) The court directs the clerk to send copies of this order to the parties and to Judge Donohue.

DATED this 5th day of January, 2012.

_____
The Honorable Richard A. Jones
United States District Court Judge